UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00011-FDW

| | |
|---|---|
| CARROLL MESSER, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*,[1] )<br>)<br>    Defendant. )<br>)  | ORDER |

THIS MATTER is before the Court on Plaintiff Carroll Eugene Messer III's ("**Messer**") Motion for Summary Judgment, (Doc. No. 12), filed on September 7, 2019, wherein Messer seeks judicial review of an unfavorable administrative decision of his application for Title II Disability Insurance Benefits ("**DIB**") pursuant to 42 U.S.C. § 405(g). Defendant Acting Commissioner of Social Security Kilolo Kijakazi's (the "**Commissioner**") filed her Motion for Summary Judgment, (Doc. No. 14), on November 5, 2021, and Messer subsequently filed a Response brief, (Doc. No. 16), on November 19, 2021. The Motions are now ripe for review, and for the reasons set forth below, the Court finds the Administrative Law Judge (the "**ALJ**") committed reversible error. Accordingly, the Commission's decision is VACATED and this case is REMANDED for further proceedings consistent with this Order.

**I.**     **Background**

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

On November 14, 2017, Messer filed a Title II DIB application for a disability with an alleged onset date of July 1, 2017. (Doc. No. 10-1, p. 15). His claim was initially denied on July 20, 2018, and denied again upon reconsideration on February 4, 2019. Id. Thereafter, Messer filed a written request for hearing, which was held before an ALJ on May 13, 2020. Id. The ALJ rendered his decision on May 27, 2020, finding Messer did not have a disability as defined by §§ 216(i) and 223(d) of the Social Security Act. Id.

In arriving at his decision, the ALJ used the five-step sequential evaluation process set forth in the regulations for determining disability claims. See 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found Messer met the insured status requirements of the Social Security Act through December 21, 2021, and had not engaged in substantial gainful activity since July 1, 2017. (Doc. No. 10-1, p. 17). At step two, the ALJ found Messer had the following severe impairments: headaches, depression, and anxiety. Id.; see also 20 C.F.R. § 404.1520(c). At step three, the ALJ found Messer did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments pursuant to 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. Id. at p. 18. At step four, after careful consideration of the entire record, the ALJ found Messer "ha[d] the residual functional capacity [("RFC")] to perform light work as defined in 20 C.F.R. § 404.1567(b)," subject to various additional restrictions, including:

> [N]o ropes, ladders or scaffolds; avoid concentrated exposure to noise, fumes, and other respiratory irritants, and hazards; limited to simple, routine, repetitive work, with *occasional contact with coworkers and supervisors and no public contact, better with things than people*; limited to SVP 1 and 2 jobs, and reasoning 1, 2, and 3 jobs.

Id. at p. 20 (emphasis added). Following the presentation of evidence, the ALJ determined Messer was unable to continue performing his past relevant work as a boilermaker. Id. at p. 24. Finally, at

step five, after considering Messer's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy that Messer could perform. Id. at p. 25; see also 20 C.F.R. §§ 404.1569. Therefore, the ALJ ultimately concluded Messer did not have a disability as defined by §§ 216(i) and 223(d) of the Social Security Act from July 1, 2017, through the date of his decision. Id.; see also 20 C.F.R. § 404.1520(g).

## II. Standard of Review

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Social Security Commissioner's denial of Social Security benefits. "[T]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings were supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not reweigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may

3

be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. Analysis

In his Motion, Messer advances a constitutional challenge to the structure of the Social Security Administration ("SSA") and two assignments of error. (Doc. No. 13). As a preliminary matter, the Court finds the Commissioner's final decision was not constitutionally defective. In his brief, Messer asserts the unconstitutional provision of the SSA deprived him of a valid administrative adjudicatory process. (Doc. No. 13, p. 8). Recently, in Collins v. Yellen, 141 S. Ct. 1761 (2021), the Supreme Court held where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. See also Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183, 2208 (2020) (quoting Loeb v. Columbia Township Trustees, 179 U.S. 472, 490 (1900)) ("It has long been settled that 'one section of a statute may be repugnant to the Constitution without rendering the whole act void.'"). Here, Messer has failed to offer sufficient evidence demonstrating a nexus between the allegedly unconstitutional removal provision and the denial of his application for disability benefits. Accordingly, the Commissioner's final decision was not constitutionally defective.[2]

---

[2] Further, the authority cited by Messer, see, e.g., Lucia v. S.E.C., 138 S. Ct. 2044 (2018); Carr v. Saul, 141 S. Ct. 1352 (2021), which focuses on challenges under the Appointment Clause, is misplaced. As set forth above, Messer's challenge originates under an allegedly unconstitutional removal provision. (Doc. No. 13, p. 8). In any event, the Supreme Court has clarified that agency officials who are "properly appointed" pursuant to a statute that exhibit "no constitutional defect in the . . . method of appointment" are not "strip[ped] of the power to undertake the other responsibilities of [their] office[.]" Collins, 141 S. Ct. at 1787, 1788 n. 23. Because the ALJ in this case was properly appointed, this Court finds no reason to invalidate and remand the ALJ's decision on the basis of any constitutional defect.

The Court now turns to Messer's first assignment of error, wherein Messer asserts the ALJ failed to determine whether he could perform any of the jobs cited by the vocational expert (the "**VE**"). (Doc. No. 13, pp. 4-6). The Court agrees. As previously noted, at step five, the burden is on the Commissioner to prove, by a preponderance of the evidence, that the claimant can "perform other work that 'exists in significant numbers in the national economy,' considering the claimant's [RFC], age, education, and work experience." Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). It is well settled that the ALJ has an affirmative duty to identify conflicts between an expert's testimony and the DOT. Pearson, 810 F.3d at 209; see also Prochaska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006) (noting that a claimant is not required to address an apparent conflict during the hearing, as this burden is solely on the ALJ). The Fourth Circuit has further clarified that "an ALJ has not fulfilled his affirmative duty merely because the vocational expert responds 'yes' when asked if her testimony is consistent with the DOT." Pearson, 810 F.3d at 208 (cleaned up). If such a conflict arises, substantial evidence supporting the ALJ's decision must be elicited through an explanation that is "reasonable and provides a basis for relying on the testimony." Id. at 210.

During the hearing, the ALJ asked the VE whether there were any jobs in the local or national economy that Messer could perform given certain hypotheticals which incorporated Messer's limitations and characteristics, including his RFC requiring only "occasional contact with coworkers and supervisors and no public contact." (Doc. No. 10-1, pp. 20, 57-56). In response, the VE testified to the existence of certain jobs from the Dictionary of Occupational Titles ("**DOT**") that were consistent with Messer's limitations and exist in significant numbers in the national economy. Id. at p. 25. When Messer's counsel asked whether the VE would expect there be more

6

than occasional contact during a probationary period, the VE testified, "I would. Yes." (Doc. No. 10-1, p. 59). Nonetheless, based on this testimony, the ALJ concluded Messer was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and accordingly denied Messer's application for benefits. Id. at p. 25.

The ALJ accordingly erred by ignoring the apparent conflict between the VE's testimony in this matter. Due to this error, it is unclear whether Messer "can perform other work that 'exists in significant numbers in the national economy,' considering [Messer's] residual functional capacity, age, education, and work experience." Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429); see also Hays, 907 F.2d at 1458. Remand for further development of this issue is therefore necessary. Pearson, 810 F.3d at 211; See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (noting that where an ALJ's analysis is devoid of complete reasoning, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). Accordingly, the Court remands to allow the ALJ to resolve the apparent conflict in accordance with this Order and the Administration's regulations.

## IV. Conclusion

The Court explicitly notes that by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Messer's application for disability benefits nor does the Court express any opinion as to his other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's

7

decision[.]") (citations omitted). In declining to address the other assignments of error in dicta here,[3] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that Messer's Motion for Summary Judgment, (Doc. No. 12), is GRANTED and the Commissioner's Motion for Summary Judgment, (Doc. No. 14), is DENIED.

IT IS FURTHER ORDERED that the Commission's decision is VACATED, and this case is REMANDED for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: June 3, 2022

Frank D. Whitney
United States District Judge

---

[3] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).